RUDD et al. v. BEARDSLEY.

(Supreme Court, General Term, First Department. November 23, 1888.)

</div>

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—DELIVERY.

     The owner of a leasehold interest executed an assignment of it to trustees, to pay the rent to her for life, and, at her death, to her granddaughters, until the youngest became of age, when it was to be assigned to them. The assignment was made without the knowledge of the trustees named, and without the consent or knowledge of the lessor, and was placed by the assignor in her private compartment, in a safe owned by one of the trustees, where she kept her private papers, with instructions to keep, subject to her order, and that it remain there until after her death, which instructions were obeyed. *Held,* that the delivery after her death was inoperative, as against a subsequent unconditional assignment with the consent of the lessor, followed by continuous possession by the assignee.

Appeal from special term, New York county

Action by Anna E. Rudd and others against Margaret E. Beardsley. From a judgment dismissing the complaint on the merits, plaintiffs appeal.

Argued before VAN BRUNT, P J., and BARTLETT and MACOMBER, JJ.

*Lawrence & Waehner,* for appellants. *Sidney S. Harris,* for respondent.

MACOMBER, J. This action was brought to vacate and set aside an assignment of a certain lease, and to have the same, and the rents and profits thereof, adjudged to inure to the benefit of the plaintiffs. Clement C. Moore, on June 20, 1861, being then the owner in fee of the premises known as "No. 325 West Twenty-Fourth Street," in the city of New York, leased the same to one Abram L. Casey. Casey entered into possession of the leasehold premises, and in February, 1863, with the knowledge and consent of the lessor, assigned the lease to Rachael Rudd, who thereupon entered into possession of the premises, and continued uninterruptedly in such possession, renting, and collecting the rents, until the month of March, 1882, when she received, from William T. Moore, a new lease of such premises. On June 26, 1882, Rachael Rudd, with the consent of William T. Moore, assigned the new lease to Margaret E. Beardsley, the defendant, whereupon the latter entered into possession of the leasehold premises, and continued in possession thereof since that time. The consideration of such assignment consisted of board and lodging, furnished by her to Rachael Rudd, and for care and nursing. Prior to this

time, however, namely, on the 15th day of June, 1880, Rachael Rudd executed an instrument, and assigned the said prior lease to Samuel F. Jayne and Mathias Abbott, from that date, for the residue of the term of years mentioned, in trust, to pay the rents and profits thereof to her, during life, and at her death to her two granddaughters, Anna and Carrie Rudd, the plaintiffs; and when the younger of the plaintiffs became 21 years of age, the trustees were to assign said lease to them, subject to the said rents and covenants and conditions and provisions of the lease. The last-mentioned instrument, namely, that of June 15, 1880, was executed without the knowledge or consent of the trustees named therein, and without the consent or knowledge of Mr. Moore, the lessor, and was without consideration. One of the questions in the case is whether or not the paper purporting to be the assignment of the leasehold interest, made in 1880, was ever actually delivered. Rachael Rudd, after the same was executed, placed it in a pigeon-hole or compartment of her own, in a safe owned by Mr. Jayne, where he kept her private papers, with instructions that the same should be kept there, subject to her order, and that it remain there until after her death. Not only does the old lady seem not to have made any other disposition of the paper, but the trustees, Jayne and Abbott, never accepted the trust under it, but the same remained in the till of Rachael Rudd, undelivered, up to the time of her death. The delivery of the paper by Jayne, after the death of the assignor, was wholly inoperative as an act binding upon the estate of Rachael Rudd. Rachael Rudd continued in sole possession of the premises, continued to rent the house to tenants, and collect the rents, employing agents therefor, and paying taxes, as theretofore. This fact is established by a clear preponderance of the evidence, and, in the absence of proof showing that it was the intention to have the instrument delivered to the plaintiffs, or to the trustees named therein, after her death, it must be deemed to be conclusive and decisive of the rights of the parties. The acts of Rachael Rudd are clearly inconsistent with any purpose of having the instrument become effective after her decease, because she made the unqualified written assignment, on June 26, 1882, of the new lease, which bears date April 8, 1882, and which superseded the prior one. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J. concur.